# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# BROWARD DIVISION

| | |
|---|---|
| EDWIN GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.:_____ |
| | ) |
| KIRSTJEN M. NIELSEN, | ) |
| DEPARTMENT OF HOMELAND | ) JURY DEMAND |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Edwin Gonzalez, by and through his undersigned counsel, brings this complaint against Defendant, Kirstjen M. Nielsen, Department of Homeland Security, and/or to the extent necessary, Kevin McAleenan, the acting Secretary, and, states the following:

## JURISDICTION AND VENUE

1. This is an action by Plaintiff, Edwin Gonazlez, for reinstatement, for compensatory and punitive damages, declaratory and injunctive relief, under the Rehabilitation Act of 1973 (29 U.S.C. § 701, *et seq.* ) ("Rehabilitation Act"), and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), as amended ("Title VII"), to redress injury caused by Defendant's disparate and retaliatory treatment by Defendant, based on Plaintiff's religion and disability, as well as for failure to accommodate Plaintiff's disability and for terminating Plaintiff in retaliation for engaging in protected conduct.

SALAS LAW FIRM, P.A.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, the Rehabilitation Act, and Title VII. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above to include attorneys' fees, costs, and damages.

3. Defendant employs at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years.

4. Venue is proper in Broward County (28 U.S.C. § 89(c)), because Defendant does business in Broward County, and some or all of the acts alleged herein took place in Broward County.

5. Defendant conducts business in Florida and all of the acts and omissions occurred to Plaintiff while he worked in Florida for Defendant at Fort Lauderdale-Hollywood International Airport.

6. Plaintiff is a resident of Broward County.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

8. On February 19, 2019, the undersigned received the "Final Order" from the Deputy Officer, Office for Civil Rights and Civil Liberties, Department of Homeland Security, and this lawsuit timely followed.  The Final Order will be provided to the Court.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as a Supervisory Transportation Security Officer (STSO) at the Fort Lauderdale-Hollywood International Airport, from approximately 2012 until his termination on December 22, 2016.

10. Plaintiff had worked for Defendant since 2009.

11. Plaintiff is a veteran of the U.S Armed Forces.

12. Prior to 2012, Plaintiff worked for Defendant at JFK International Airport and at Orlando International Airport.

13. On September 19, 2016, Plaintiff filed a EEO complaint of religious discrimination, timely filing an EEO Formal Complaint of Discrimination (HS-TSA-26566-2016, hereinafter sometimes "Religious Discrimination Complaint") alleging he was discriminated against when his TSA's Scheduling Officer refused to alter his schedule to allow him to attend Christian church services.

14. On November 10, 2016, Plaintiff's Deputy Federal Security Director at Fort Lauderdale-Hollywood International Airport, notified Plaintiff he would be terminated soon after, *i.e.* the termination decision had been made.

15. On or about December 22, 2016, Plaintiff was terminated by Defendant, because, according to Defendant, Plaintiff had failed the image mastery assessment tests on three occasions, (even though other test-takers failed the tests three times or more times than Plaintiff and were not terminated).

16. On or about December 22, 2016, Plaintiff was terminated by Defendant, even though Defendant knew of his left eye condition, sarcoidosis causing uveitis, which affected his ability to pass the assessment tests and did not allow him an accommodation during these tests.

17. On January 5, 2017, Plaintiff contacted Defendant's EEO Counselor to complain about disability discrimination and retaliation, including retaliation for claiming religious discrimination.  This later became a formal complaint of discrimination dated January 24, 2017 (HS-TSA-00641-2017, hereinafter "Disability Discrimination and Retaliation Complaint").

18. The Disability Discrimination and Retaliation Complaint arose from Plaintiff being unlawfully denied access to a reasonable accommodation in connection with the proficiency

tests even though Defendant knew of his need for an accommodation, including because he informed various agents of Defendant, and because he would place his hand over his left eye during the testing in order to help him see during the test.

19. On April 25, 2017, the assigned EEO Investigator, Lisa Chanel, issued the report of investigation for the Disability Discrimination and Retaliation Complaint.

20. On or about October 23, 2018 the Agency filed its Motion for Summary Judgment, and Plaintiff's response was due on or before November 7, 2018.

21. On November 6, 2018, the Complainant retained the undersigned in this matter. Prior to November 6, 2018, Mr. Gonzalez appeared *pro se*.

22. On November 20, 2018, Plaintiff filed a response in opposition to Defendant's motion for summary judgment, including a request for an extension for limited discovery, which was denied by the ALJ.

23. On February 19, 2019, the undersigned's office received a copy of the Final Order and this lawsuit is being filed to appeal the agency's decision.

24. To the extent the Final Order is unclear as to whether it applies to the Disability Discrimination and Retaliation Complaint, or the Religious Discrimination Complaint, or both, Plaintiff incorporates both complaints into the instant lawsuit by reference and avers that the lawsuit is timely as to both complaints (to the extent necessary).

**Count I:  Rehabilitation Act (Disparate Treatment & Failure to Accommodate)**

25. Plaintiff realleges and incorporates as if fully set forth herein all of the preceding paragraphs of this complaint.

26. Defendant was aware Plaintiff was disabled, has a record of a disability, or was regarded as having a disability by it, including, but not limited to, his sarcoidosis causing uveitis effecting his ability to take the imagery tests.

27. Plaintiff was a qualified individual with a disability or disabilities under the Rehabilitation Act, including qualified for his position and other positions.

28. Plaintiff was substantially limited in one or more of the major life activities due to his eye condition and suffered a cognizable disability under the Rehabilitation Act, of which Defendant was aware at all times relevant to this complaint.

29. Plaintiff was discriminated against, by way of Defendant's treating other persons more favorably, including regarding imagery testing, its failure to provide a reasonable accommodation and/or to engage Plaintiff in an interactive process concerning a reasonable accommodation concerning his disability (even though Defendant and its agents knew of Plaintiff's disability, requests, and need for accommodation).

30. As a result of the aforementioned conduct, Defendant violated the Rehabilitation Act.

31. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse job action which was motivated by his disability and resulting in him suffering further injury.

32. Defendant has failed to comply with its statutory duty to take all reasonable necessary steps to eliminate discrimination from the workplace and to prevent it from occurring.

33. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

**Count II:  Rehabilitation Act (Retaliation)**

34. Plaintiff realleges and incorporates as if fully set forth herein all of the preceding paragraphs of this complaint.

35. Plaintiff engaged in a protected activity or activities, attempting to engage in an interactive process and/or the seeking of an accommodation or accommodations, including relating to the imagery tests and the inconsistent and unfair application of those tests to Plaintiff, and complaining about his medical conditions to Defendant in relation to the terms and conditions of his employment.

36. On information and belief, there is a casual link between Plaintiff's protected activity(ies), including attempting to engage in an interactive process and opposing practices made unlawful under the Rehabilitation Act, and his discriminatory and retaliatory termination.

37. As a result of the aforementioned conduct, Defendant retaliated against and damaged Plaintiff in violation of the Rehabilitation Act.

38. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse job action in retaliation for being disabled or complaining about Defendant's adverse actions and failure to accommodate.

39. Defendant has failed to comply with its statutory duty to take all reasonable necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

40. As a direct and proximate result of Defendant's willful discrimination and/or retaliation, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to compensatory and punitive damages, interest, and attorneys' fees and costs.

### Count III:  Title VII (Retaliation)

41. Plaintiff realleges and incorporates as if fully set forth herein all of the preceding paragraphs of this complaint.

42. Plaintiff engaged in a protected activity or activities, including filing an internal complaint alleging discrimination based on his religion.

43. On information and belief, there is a casual link between Plaintiff's protected activity(ies), and his discriminatory and retaliatory termination.

44. As a result of the aforementioned conduct, Defendant retaliated against and damaged Plaintiff in violation of Title VII.

45. As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse job action in retaliation for complaining about Defendant's adverse actions relating to his religion.

46. Defendant has failed to comply with its statutory duty to take all reasonable necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

47. As a direct and proximate result of Defendant's willful discrimination and/or retaliation, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to compensatory and punitive damages, interest, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Grant a permanent injunction enjoining Defendant from engaging in retaliatory practices in violation of the law;

(b) Award Plaintiff judgment against Defendant for compensatory damages as determined by the trier of fact;

(c) Award Plaintiff all restitution and other damages, including interest, for the benefits he would have received absent the retaliatory treatment, including potential reinstatement and eligibility for retirement through Defendant;

(d) Enter judgment for punitive damages against Defendant; and

SALAS LAW FIRM, P.A.

(e) Award all reasonable attorneys' fees and costs incurred in connection with this action; and any other further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues when joined.

Respectfully submitted this 20th day of May, 2019.

//s//Michael G. Green II, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email:  michael@jpsalaw.com
Fla. Bar. No. 60859

//s//John P. Salas, Esq.
SALAS LAW FIRM, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, FL 33322
Office: (954) 315-1155
Fax: (954) 452 -3311
Email: jp@jpsalaslaw.com
Fla. Bar. No. 87593